## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY

| | |
|---|---|
| ARIUS ADAMS<br>9142 Bramblebush Ct.<br>Gaithersburg, MD 20879<br><br>*Plaintiff*,<br><br>v.<br><br>THE WHITESTONE GROUP, INC.<br>4100 Regent Street<br>Suite C<br>Columbus, OH 43219<br>*Serve Resident Agent:*<br>   Cogency Global Inc.<br>   1519 York Road<br>   Lutherville, MD 21093<br><br>*Defendant*. | Case No.:<br>JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff Arius Adams ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendant The Whitestone Group, Inc. ("Whitestone"); for compensatory and punitive damages flowing from Defendant violations of the federal Family and Medical Leave Act ("FMLA"), 28 U.S.C. § 2601, *et seq*. In further support, Plaintiff states the following:

### The Parties

1. During all relevant times, Plaintiff was an adult resident of Montgomery County, Maryland

2. Plaintiff was employed by Defendant at its worksite in Montgomery County, Maryland, as a security officer/Lieutenant from about June of 2016 through about January 4, 2019 (the "relevant time period").

3. Defendant Whitestone is an Ohio limited liability company with its principle place of business in Columbus, Ohio.

4. Whitestone is Plaintiff's "employer" and covered under the FMLA as it employed fifty (50) or more employees for each workday during each of twenty (20) or more calendar workweeks. 29 U.S.C. § 2611(4). Plaintiff was an "eligible employee" under the FMLA because he had been employed by Whitestone, and had worked under the supervision and control of Whitestone, for more than twelve (12) consecutive months and worked at least 1,250 hours within this twelve (12) month period. 29 U.S.C. § 2611(2).

## Jurisdiction & Venue

5. This Court has personal jurisdiction over Defendant pursuant to MD. CODE ANN., CTS. & JUD. PROC. ("CJ") § 6-103, because Defendant transacts business and performs work or services in Maryland.

6. This Court has subject matter jurisdiction over Defendant pursuant to CJ § 1-501.

7. Venue lies with the Circuit Court for Montgomery County pursuant to CJ § 6-201(a), because Defendant carries on a regular business in Prince George's County, Maryland.

8. Plaintiff seeks damages in excess of $75,000.00.

## Facts Common to All Counts

9. Plaintiff began working for Defendant on or around June of 2016.

10. Plaintiff was employed as a lieutenant/supervisor until about December 13, 2018, and then as a security officer until January 4, 2019, when he was terminated. Plaintiff provided security services at the National Institute of Standards and Technology's ("NIST") campus in Gaithersburg, Maryland.

11. On October 22, 2018, while Plaintiff was at work, Plaintiff received a call from his pregnant wife. She informed Plaintiff that she was being rushed to the hospital for emergency surgery due to complications from her pregnancy.

12. Plaintiff immediately went to his direct supervisor, Mr. Timothy Hinton, and informed Mr. Hinton that Plaintiff's pregnant wife was about to have emergency surgery, and that Plaintiff needed to leave. Mr. Hinton asked how long Plaintiff could stay at work, and Plaintiff responded, "not another second." Mr. Hinton's replied "OK".

13. Plaintiff then filed a written leave request for time off from work until October 29, 2019. The request was approved. Plaintiff left work, went to the airport, and caught the next flight to South Carolina, where his wife was.

14. Upon arriving in South Carolina and turning off "airplane mode" on his phone, Plaintiff received several text messages and missed call notifications from Mr. Hinton. Mr. Hinton communicated that "you weren't supposed to leave until properly relieved and you don't qualify for maternity leave because you're not the one who gave birth."

15. Shortly afterwards, Plaintiff called his Regional Manager, Michael Brewer. Plaintiff explained his wife's situation and told Mr. Brewer that Plaintiff should qualify for family leave.

16. Mr. Brewer's response was that "four centimeters of dilation is not an emergency."

17. Immediately after his phone call with Mr. Brewer, Plaintiff called Defendant's Human Resources department and requested FMLA paperwork.

18. On October 23, 2018, Plaintiff formally filed for intermittent FMLA leave.

19. On October 24, 2018, Defendant formally approved Plaintiff's request for intermittent leave pursuant to the FMLA.

20. On October 26, 2018, Plaintiff informed Defendant that he could return to work on November 1, 2018. Defendant scheduled Plaintiff to work starting that day.

21. After surgery, Plaintiff's wife was in labor for six days and gave birth severely premature.

22. On October 31, 2018, the day before he was to return to work and after Plaintiff had flown back to Maryland from South Carolina, Defendant removed him from the work schedule. Mr. Hinton explained to Plaintiff that "you brought this upon yourself." Plaintiff complained to Mr. Hinton that this was retaliation in violation of Plaintiff's FMLA rights.

23. Plaintiff lost pay as a result of not being scheduled to work.

24. Defendant ultimately set November 5, 2019, as Plaintiff's date to return to work.

25. When Plaintiff returned to work on November 5, 2019, Defendant presented him with a "Corrective Action Form and Last Chance Agreement." According to this document, the justification for the corrective action was that on October 22, 2018, Plaintiff "failed to be properly relieved and released from post prior to departing" and Plaintiff "failed to allow time to find a replacement . . . due to family issue [sic]."

26. On December 13, 2018, Defendant demoted Plaintiff from lieutenant/supervisor to regular officer. This demotion subjected Plaintiff to increased scrutiny and micromanagement.

27. Plaintiff requested, and received, leave pursuant to the FMLA from about December 25, 2018 through December 29, 2018. Plaintiff complied with Defendant's one-week notice requirement for intermittent FMLA leave requests.

28. On January 4, 2019, Defendant terminated Plaintiff.

29. As discussed above, Defendant interfered with Plaintiff's right to take FMLA time and retaliated against him for exercising his rights under the FMLA, culminating in Plaintiff's demotion and eventual termination.

4

30. Any proffered explanation for Plaintiff's demotion and eventual termination is a pretext.

### COUNT I
### Interference with FMLA Rights
### 29 U.S.C. § 2615(a)(1)

31. Plaintiff incorporates the preceding allegations as if fully set forth herein.

32. Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each workday during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4)(a). Plaintiff is an "eligible employee" under the FMLA as he had been employed by Defendant, and had worked under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period. 29 U.S.C. § 2611(2).

33. Plaintiff's wife's emergency surgery due to complications from her pregnancy was a "serious health condition" under 29 U.S.C. §§ 2611(11) and 2612(a)(1)(C). As such, Plaintiff was entitled to use FMLA leave to care for his spouse for these conditions without interference from his employers.

34. Additionally, pursuant to 29 U.S.C. § 2612(a)(1)(A), Plaintiff was entitled to FMLA time because of the birth of his child.

35. As described above, Defendant interfered with Plaintiff's right to take FMLA leave time by falsely accusing him of abandoning his post, suggesting that his wife's condition was not a real emergency, criticizing him for leaving work to care for his family, removing him from the work schedule, placing Plaintiff on a "last chance" agreement, and later demoting, and eventually terminating, Plaintiff.

36. Plaintiff complied with all the requirements of the FMLA. All FMLA time was formally approved by Defendant.

37. Pursuant to 29 U.S.C. § 2614, "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave-- (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614.

38. As an "eligible employee," Plaintiff was entitled to be restored to his prior position as lieutenant/supervisor, or its equivalent. The demotion by Defendant did not restore Plaintiff to "an equivalent position" and was not "virtually identical to the former position in terms of pay, benefits and working conditions, including privileges, perquisites and status" and did not "involve the same or substantially similar duties and responsibilities, [or] substantially equivalent skill, effort, responsibility, and authority." 29 U.S.C § 2614(a)(1); 29 C.F.R. § 825.215.

39. Defendant unlawfully interfered with Plaintiff's right under the FMLA to take medical leave to care for his spouse's serious medical condition.

40. Defendant unlawfully interfered with Plaintiff's right under the FMLA to take medical leave to care for his newborn child.

41. Defendant unlawfully interfered with Plaintiff's right under the FMLA to be restored to his position as lieutenant/supervisor, or its equivalent.

42. Defendant further unlawfully interfered with Plaintiff's rights under the FMLA by terminating his employment on January 4, 2018.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial economic damages.

44. Any other proffered justification for Plaintiff's demotion and later termination is pretextual.

## COUNT II
### FMLA Discrimination
### 29 U.S.C. § 2615(a)(2)

45. Plaintiff incorporates the preceding allegations as if fully set forth herein.

46. Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each workday during each of twenty (20) or more calendar workweeks. 29 U.S.C. § 2611(4)(a). Plaintiff is an "eligible employee" under the FMLA as he had been employed by Defendant, and had worked under the supervision and control of Defendant, for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period. 29 U.S.C. § 2611(2).

47. Plaintiff's wife's emergency surgery due to complications from her pregnancy was a "serious health condition" under 29 U.S.C. §§ 2611(11) and 2612(a)(1)(C). As such, Plaintiff was entitled to use FMLA leave to care for his spouse for these conditions without suffering discrimination from his employers.

48. Additionally, pursuant to 29 U.S.C. § 2612(a)(1)(A), Plaintiff was entitled to FMLA time because of the birth of his child.

49. As described above Defendant retaliated against Plaintiff for exercising his statutory right to FMLA leave.

50. Plaintiff complied with all the requirements of the FMLA. All FMLA time was formally approved by Defendant.

an amount to be determined at trial, and liquidated damages in an equal amount;

c. Costs and reasonable attorneys' fees;

51. Pursuant to 29 U.S.C. § 2615(a)(2), it is unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."

52. Defendant intentionally and adversely discriminated against Plaintiff by As described above, Defendant interfered with Plaintiff's right to take FMLA leave time by falsely accusing him of abandoning his post, suggesting that his wife's condition was not a real emergency, criticizing him for leaving work to care for his family, removing him from the work schedule, placing Plaintiff on a "last chance" agreement, and later demoting, and eventually terminating, Plaintiff because Plaintiff exercised his rights under the FMLA.

53. Defendant further intentionally and adversely acted against Plaintiff by terminating him on January 4, 2019.

54. As a direct and proximate cause of Defendant unlawful actions, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

55. Any other proffered justification for Plaintiff's demotion and later termination is pretextual.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Arius Adams respectfully prays that this Court enter a judgment against Defendant The Whitestone Group, Inc. and grant Plaintiff the following relief:

a. Compensation for back pay and other lost employment benefits, in an amount to be determined at trial, and liquidated damages in an equal amount;

b. Reinstatement, or in the alternative, lost future wages and employment benefits, in an amount to be determined at trial, and liquidated damages in an equal amount;

c. Costs and reasonable attorneys' fees;

d. Punitive damages in an amount to be determined by the jury; and,

e. Any and all additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

By: _____
Michael K. Amster, CPF# 1107150001
Roy Lyford-Pike, Esq. CPF# 1512160070
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Phone: (301) 587-9373
Fax: (240) 839-9142
mamster@zagfirm.com
rlpike@zagfirm.com

*Counsel for Plaintiff*